IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WILLIAM L. PATTON, JR. FAMILY
LIMITED PARTNERSHIP, LLLP, ET AL.                               PLAINTIFFS

vs.                          CASE NO. 4:04CV1477GH

SIMON PROPERTY GROUP, INC., ET Al.                              DEFENDANTS

# ORDER

Pending before the Court are plaintiffs' motion for leave to take more than ten depositions and defendants' motion for a protective order barring the deposition of Richard Sokolov. Defendants object to plaintiffs' motion and plaintiffs' object to defendants' motion.

The Court will first address the motion for a protective order barring the deposition of Richard Sokolov. Sokolov is the President and Chief Operating Officer of Simon Property Group. Simon Property Group owns or has an interest in 297 properties in 40 states and Puerto Rico. It also holds interests in shopping centers in France, Italy, Poland, Portugal, Japan, Mexico and Canada. It is the largest publicly traded retail real estate company in North America and has approximately 5,000 employees. Defendants state that Sokolov has no unique or special knowledge of the issues in this case superior to the knowledge of mid-level managers who handle daily business activities and operations. Defendants state that the information plaintiffs seek can be gathered through less intrusive methods and that Sokolov is unavailable for the deposition for the date noticed by plaintiffs.

Plaintiffs respond that Sokolov does have personal knowledge, and that he attended a meeting with plaintiffs' representatives in the fall of 2004, to discuss the

-1-

issues in the case. Defendants counter that evidence of the discussions would be inadmissible as the meeting was held as a settlement conference.

Depositions of high level corporate executives have been barred when there is evidence that the executive has no personal knowledge of the events in dispute. *See Harris v. Computer Assoc. Int'l, Inc.*, 204 F. R. D. 44, 46 (E. D. N.Y. 2001). Here, however, Sokolov had enough knowledge of the facts of the case to travel to Little Rock to meet with plaintiffs' representatives. The Court cannot say, at this time, whether ultimately the testimony would be admissible; it is clear that the information sought is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

The motion for protective order is therefore denied. Plaintiffs have indicated that they are willing to take the deposition after Sokolov's vacation and before the discovery cut-off. Defendants should arrange to make Sokolov available for deposition during that period of time.

Plaintiffs have filed a motion for leave to take more than 10 depositions. They state that they need to take the depositions of the 14 individuals defendants have identified as witnesses, as well as a limited number of non-parties who have relevant information. Plaintiffs anticipate that they will need to take 20 depositions.

Defendants object. They note that the discovery sought is cumulative and duplicative and obtainable from other sources. Plaintiffs' discovery requests will have yielded production of almost 100,000 documents in the case. Defendants have agreed to allow plaintiffs to depose 10 witnesses; it has narrowed its list of likely witnesses to only 7, rather than 14. It appears that plaintiffs will not need to take depositions of all 14 individuals.[1]

---

[1] If defendants decide to call additional witnesses, plaintiffs will be granted leave to take the depositions of those witnesses before they are allowed to testify.

The Court recognizes that this is a substantial case, involving massive amounts of documents. The parties are working under a short time-frame with a September 6th trial date. Defendants have had to respond to large discovery requests and the parties are trying to comply with the July 31st discovery deadline.

The Court, however, is of the opinion that plaintiffs should be allowed to take the depositions of those individuals who will be defendants' witnesses and those who have relevant information, particularly if they are outside the subpoena power of the Court. The depositions of the non-party witnesses should not be particularly lengthy.

After considering the arguments, the Court finds that plaintiffs should be granted leave to take more than 10 depositions. The Court, however, will limit the number of depositions to 15.

Accordingly, the motion for leave to take more than 10 depositions is granted in part and denied in part; the motion for protective order is denied.

IT IS SO ORDERED this 15th day of July, 2005.

*George Howard, Jr*
UNITED STATES DISTRICT JUDGE