IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WILLIAM L. PATTON, JR. FAMILY LIMITED                   PLAINTIFFS
PARTNERSHIP, LLLP, an Arkansas limited liability
limited partnership, and SOUTHERN REAL
ESTATE AND FINANCIAL CO., a Missouri corporation

v.                              No. 4:04-CV-1477 GH

SIMON PROPERTY GROUP, INC.
a Delaware corporation and                             DEFENDANTS
SIMON PROPERTY GROUP, L.P.,
a Delaware limited partnership

## PROTECTIVE ORDER

IT IS HEREBY ORDERED THAT:

     1.     This Protective Order ("Order") shall be applicable to and shall govern the

production and exchange of all documents, answers to interrogatories, depositions,

responses to requests for admissions, exhibits, and all other discovery given or made in

this action by either Plaintiffs or Defendants (the "Producer"), as well as pleadings,

testimony adduced at hearings or trial, matters in evidence and all other information

exchanged or furnished in this action by the Producer.

     2.     The Producer shall have the right to designate as confidential any

information that it believes, in good faith, constitutes confidential business information

and/or trade secrets relating to its business or furnished to it in confidence by third

parties, which information is not generally known and which the Producer would

normally not reveal to third parties or, if disclosed, would cause such third parties to

maintain in confidence.  Material so designated is hereinafter collectively referred to as

"Confidential Information."  Confidential Information maybe used only for the purpose of conducting this action, including appeals, and not for any business, commercial, scientific, competitive or any other purpose whatsoever.

3.      Except with the prior written consent of the Producer or upon prior Order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions and restrictions of this Order.

4.      Subject to the provisions of paragraph 5 hereof, Confidential Information, and any summary, description, analysis or report containing such Confidential Information, may be disclosed by the receiving party only to the following persons:

(a)      the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)      independent experts or consultants of the receiving party who have been retained by counsel to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work and only after agreeing in writing to be bound by the terms of this Order;

(c)      potential witnesses with whom counsel of record for a receiving party believes he or she needs to consult solely for purposes of prosecuting, defending, and/or appealing this action with disclosure only to the extent necessary to perform such consultation and only after they agree in writing to be bound by the terms of this Order;

(d)      the parties' counsel of record as specifically set forth below, and any other counsel for a party who appears in this action, and their paralegal assistants,

law clerks, stenographer and clerical employees who are assisting in the prosecution,

defense and/or appeal of this action:

> For Plaintiffs:
>
> Robert Shults
> Steven Shults
> Debra K. Brown
> Jason Reed
> Shults Law Firm, LLP
> 200 West Capitol Avenue, Suite 1600
> Little Rock, Arkansas 72201
>
> For Defendants:
> Philip S. Anderson
> David M. Powell
> Jason Earley
> Williams & Anderson PLC
> 111 Center Street
> Twenty-Second Floor
> Little Rock, Arkansas 72201

    (e)    to persons who generated or received the documents; and

    (f)    to witnesses at depositions, other than persons described above, who

agree in writing or on the deposition record to be bound by the terms of this Order.

    5.    It is the intention of this Protective Order that the following categories of

Information shall not be designated as Confidential Information, and that this Order

should not be construed as governing or affecting a party's use or the Producer's

disclosure of: (a) any Information that at the time of its disclosure in this action is part of

the public domain by reason of publication or otherwise; (b) any Information that at the

time of its disclosure in this action is already rightfully in the possession of the receiving

party, its counsel of record or any expert retained by or for the receiving party under no

obligations of confidence to any third party with respect to that Information; or (c) any

information to which the receiving party is entitled independently of this action.  During

the pendency of this action, any disputes as to whether Information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 6 hereof.

6.     In the event that any receiving party disagrees at any stage of this action with the designation of Confidential Information, it shall provide to the Producer written notice of its disagreement with the designation.  The receiving party challenging the designation shall first try to dispose of such dispute in good faith on an informal basis with the Producer.  If the dispute cannot be resolved, the receiving party or the Producer defending the designation may request appropriate relief from the Court no sooner than five (5) days following the service of the written notice of disagreement.  The burden of proving that Information has been properly designated Confidential is on the Producer defending such designation.  Until a determination by the Court, the Information in issue shall be treated as Confidential Information and subject to the terms of this Order.

7.     If Confidential Information is disclosed to any person not entitled to receive disclosure of such Information under this Order, the receiving party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the Producer and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by it or by the person who received such Information.

8.     Testimony or Information disclosed at a deposition of a witness may be designated as Confidential Information by indicating on the record at the deposition the specific testimony which contains Confidential Information which is to be made subject to the provisions of this Order.  Alternatively, the Producer may designate testimony or

4

information disclosed at a deposition, including exhibits, as Confidential Information by
notifying all parties in writing, within seven (7) days after the later of the entry of this
Order or the Producer's receipt of the transcript, of the specific pages and lines of the
transcript so designated.  Whether or not designation is made at the time of deposition,
each transcript of any deposition shall be treated as being designated Confidential
Information in its entirety, from the taking of the deposition until seven (7) days after
actual receipt of the transcript by the Producer, or until receipt of the notice referred to in
this paragraph, whichever occurs sooner.  At the expiration of the said seven (7) day
period, unless notice hereunder to the contrary is given at the time of the deposition or
prior to the expiration of said period, the entire transcript shall be deemed non-
confidential, unless, until, and except to the extent that it is designated as Confidential
Information within seven (7) days after entry of this Order.

9.      The Clerk of the Court is requested to maintain under seal all documents,
tangible objects, transcripts, and other materials filed with this Court in this action by
any party which are, in whole or in part, specifically labeled as Confidential Information,
including all pleadings, deposition, trial or hearing transcripts, exhibits, discovery
responses or memoranda purporting to contain or paraphrase such Information.  The
party filing such material shall file with the Clerk of the Court in a sealed envelope or
other appropriate sealed container prominently marked with the CONFIDENTIAL
LEGEND, the caption of the action and the notation:

> SUBJECT TO A PROTECTIVE ORDER ENTERED IN CASE
> NO. 4:04-CV-1477-GH. This envelope is not to be opened, nor
> are the contents thereof to be displayed or revealed except:
> (1) to the Court and then resealed, (2) by agreement of the
> parties, or (3) by prior Order of this Court.

A second copy of any pleading or paper specifically intended for review by the Court may be hand-delivered to the Court's chambers appropriately marked, in order to assure that the same is brought promptly to the Court's attention.

10.     The inadvertent production by any party of documents subject to the attorney client privilege, attorney work product protection or other established legal protection ("Privileged Documents") shall not constitute a waiver of such privilege and protection notwithstanding any law to the contrary.  Upon request, the party receiving Privileged Documents shall return to the party producing Privileged Documents, within two (2) business days, all copies of such documents and all other documents that incorporated information from the inadvertently produced documents.

11.     Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information, including the deposition testimony of its employees or experts.

12.     This Order shall remain in full force and effect until modified, superseded, or terminated on the record by an order of the Court.  The obligations under the terms of this Protective Order will survive beyond the termination of this lawsuit.

SO ORDERED this ___8___ day of August, 2005.

George Howard, Jr.
U.S. District Judge

APPROVED:

Robert Shults
Steven Shults
Debra K. Brown
SHULTS LAW FIRM, LLP
200 W. Capitol Avenue, Suite 1600
Little Rock, Arkansas  72201


By: _____
       Attorneys for the Plaintiffs


Philip S. Anderson
David M. Powell
WILLIAMS & ANDERSON PLC
111 Center Street
Twenty-Second Floor
Little Rock, Arkansas  72201


By: _____
       Attorneys for the Defendants

7