IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WILLIAM L. PATTON, JR. FAMILY
LIMITED PARTNERSHIP, LLLP, ET AL.                                        PLAINTIFFS

vs.                              CASE NO. **4:04V1477GH**

SIMON PROPERTY GROUP, INC., ET Al.                                       DEFENDANTS

## **ORDER**

Pending before the Court is plaintiff's motion to recuse. Plaintiffs contend that by continuing the trial to allow defendants to make certain repairs the Court has effectively imposed a settlement on plaintiffs and denied plaintiffs the injunctive relief they seek.

On March 6, 2006, the trial of this case was scheduled to resume after almost a six month recess. Defense counsel orally moved the Court for a continuance for defendants to proceed with proposed repairs to University Mall. Plaintiffs opposed the request, contending that the proposed repairs do not address all the needed repairs prescribed by the Hensley Report, a compilation of opinions by plaintiffs' experts about the condition of University Mall and the repairs that are needed to make it in "good and tenantable repair, order and condition" as required by the ground lease.

28 U.S.C. § 455(a) requires that a federal judge "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The test for disqualification or recusal is an objective one and asks whether, from the perspective of 'the average person on the street,' a reasonable man knowing all of the circumstances 'would harbor doubts about the judge's impartiality.'" *Tyler v. Purkett* 413 F.3d 696, 704 (8th Cir. 2005)(citations omitted). "A party introducing a motion to recuse carries a heavy

-1-

burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir.1992).

Plaintiffs are dissatisfied with the continuance, however, an adverse ruling "almost never" constitutes a valid basis for recusal. *Dossett v. First State Bank*, 399 F. 3d 940, 953 (8th Cir. 2005). Here, the Court determined that a brief continuance would not be prejudicial to the parties or the public. The actions of defendant were consistent with their duties under the lease agreement. At the most, defendants anticipate completing the repairs in three or four months. The Court specifically provided the opportunity for Plaintiffs to resume the trial should Plaintiffs contend that even after the repairs defendants continue to be in breach of the lease agreement. Arguably, the public, which is still using the Mall, would benefit from some of the needed repairs to the Mall.

Furthermore, contrary to plaintiffs' assertions the Court did not impose a settlement. The comments of the Court did not show any "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555 (1994). While the Court stated that settlements are favored, the Court in no way indicated that the parties had to settle the case or that the Court would be prejudiced against plaintiffs for not settling the case. Unlike the court in *United States v. Pfizer*, 560 F. 2d 519 (8th Cir. 1977), the Court here has not participated in any settlement negotiations and has not indicated any particular resolution. Furthermore, the Court has not expressed any strong opinion on the legal and factual issues of the case, recognizing that all the evidence is not in.

The Court, sitting as a Court of equity, granted defendants' request for continuance to allow defendants to proceed with repairs and possibly narrow the scope of the dispute. Such action was within the Court's authority and does not evince bias or prejudice on the

part of the Court. Furthermore, the Court is convinced that a reasonable person, with knowledge of all the circumstances in this case, would not question the Court's impartiality.

Accordingly, the motion to recuse is denied.

IT IS SO ORDERED this 6th day of April, 2006.

*George Howard, Jr.*
_____
UNITED STATES DISTRICT JUDGE