**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**WILLIAM L. PATTON, JR. FAMILY
LIMITED PARTNERSHIP, LLLP, ET AL.**                                   **PLAINTIFFS**

vs.                                              4:04CV01477-WRW

**SIMON PROPERTY GROUP, INC., ET AL .**                              **DEFENDANTS**

### ORDER APPOINTING SPECIAL MASTER

Consistent with the Memorandum Opinion and Order entered today, Mr. S. Porter Brownlee of Brownlee Construction Consultants, Little Rock, Arkansas, is appointed as a Special Master to oversee all aspects of Simons' compliance with the injunction set out in the Memorandum Opinion and Order.  The Special Master may engage other professionals and assistants that he considers reasonably necessary to assist him in carrying out his responsibilities.

Simon must obtain written approval by the Special Master after notice to Plaintiffs before beginning any work required by the injunction. Simon must obtain written approval of the Special Master before engaging or permitting any architect, engineer, contractor, environmental professional, or other person to provide any service covered by this injunction.

Simon must provide to the Special Master, immediately upon receipt or transmittal, copies or originals of all documents, including all e-mails and electronically stored information, concerning Simon's' compliance with this injunction and any work performed or services provided in connection with this injunction, except documents covered by the attorney-client privilege.  These non-privileged documents include,

without limitation, all contracts, plans and specifications, bid proposals and bids, progress reports, invoices, permits, environmental reports and sampling data, testing reports, and photographs.  Simon is to promptly provide to Plaintiffs copies of any such documents requested by Plaintiffs.  The Special Master, Plaintiffs, and Simon must preserve and maintain all documents generated, sent, or received in connection with this injunction unless excused by the Court.

Simon must provide to the Special Master bi-weekly progress reports on all aspects of compliance with this injunction and other reports that the Special Master requests.  The Special Master will provide monthly reports to the Court and to the parties, unless directed otherwise by the Court.

Upon request by Plaintiffs, and approval by the Special Master, Simon will give Plaintiffs and any representatives they select access to University Mall to observe ongoing and completed repairs and improvements made in connection with this injunction.

After notice to Plaintiffs, Simon must obtain the Special Master's review and written approval of every project undertaken and all work done and services provided in connection with this injunction. If, after review, the Special Master requires that additional work be done or actions be taken before he approves, Simon must do the work.  If Simon disagrees with the Special Master's refusal to approve any aspect of Simon's actions taken in compliance with this injunction, it may raise the matter with the Court after conferring in good faith with Plaintiffs and the Special Master in an effort to resolve the disagreement.  Upon complete compliance with all aspects of this injunction and after notice to Plaintiffs and an opportunity for them to conduct any final inspection

and review, Simon must obtain the Special Master's certification that Simon has have complied completely with the injunction.

Simon must pay all fees and expenses of the Special Master, including the fees and expenses of any assistants to the Special Master and any other professionals engaged by the Special Master.  The Special Master will bill Simon for all such fees and expenses monthly.  The fees will be based on the Special Master's regular hourly billing rate, subject to any reasonable adjustments by the Special Master.  Except to the extent that any invoice of the Special Master is disputed, Simon will pay every invoice within twenty-one (21) calendar days of its receipt of the invoice.

The Special Master may communicate *ex parte* with the Court and with any party, using his best judgment to remain objective and impartial, to maintain the appearance of impartiality, and to ensure that all parties are privy to information, as necessary and advisable.

After conferring in good faith in an attempt to resolve any dispute, the Special Master or any party may bring to the attention of the Court any matter concerning this injunction.

The Special Master has the authority to assist the parties in negotiating a settlement of this action.

IT IS SO ORDERED this 28th day of June, 2007.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE