IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WILLIAM L. PATTON, JR. FAMILY
LIMITED PARTNERSHIP, LLLP, ET AL.                                PLAINTIFFS

vs.                                        4:04CV1477WRW

SIMON PROPERTY GROUP, INC., ET AL.                               DEFENDANTS

## ORDER

### I.   INTRODUCTION

On June 28, 2007, the Court entered judgment in favor of Plaintiffs and against Defendants on their breach of contract claim, and granted Plaintiffs' request for specific performance. The Court also found that Plaintiffs are entitled to attorneys' fees under Ark. Code Ann. § 16-22-308.

Plaintiffs have filed their motion for attorneys' fees and bill of costs. They seek attorneys' fees in the amount of $612,692.00, out of pocket expenses in the amount of $9,291.88, and costs in the amount of $223,199.14.

Defendants object to Plaintiffs' request, arguing that Plaintiffs' petition should be denied, or in the alternative, the amount sought should be reduced.

### II.  ANALYSIS

#### A.   Attorneys' Fees

Arkansas law provides that attorneys' fees are recoverable by a prevailing party in a breach of contract action.[1] Defendants assert that Plaintiffs are not entitled to recover fees for the time they spent pursuing a claim on which they did not prevail.

---

[1] Ark. Code Ann. § 16-22-308 reads: "In any civil action to recover on . . . breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs."

-1-

Plaintiffs originally brought two claims for relief. In the first claim, Plaintiffs sought specific performance for Defendants' failure to maintain University Mall in good and tenantable repair, order, and condition as required by the lease. In the second claim, Plaintiffs sought damages for loss of rentals based on Defendants' alleged failure to locate and maintain viable retail tenants at University Mall. On May 13, 2005, the second claim was dismissed.[2]

"[U]nder Arkansas law, the prevailing party is determined by who comes out 'on top' at the end of the case."[3] "Prevailing party" is construed in terms of the entire case, not the particular issues or actions in it.[4] Plaintiffs need not prevail on every contention raised in the lawsuit in order to receive a fully compensatory fee. They are entitled to attorneys' fees for claims which are related, and involve a common core of operative facts.[5]

It is clear that Plaintiffs' two claims are related. Both arise from the physical condition of University Mall based on Defendants' breach of the lease agreement. Plaintiffs achieved their primary objective-- relief for Defendants' failure to keep University Mall in good and tenantable condition. Furthermore, Plaintiffs obtained an "excellent result."[6] Therefore, a reduction is not appropriate for the time spent on the dismissed claim.

---

[2] *William L. Patton, Jr. Ltd. P'ship, LLP v. Simon Prop. Group, Inc.*, 370 F. Supp. 2d 846 (E.D. Ark. 2005).

[3] *Marcum v. Wengert*, 344 Ark. 153, 162 (2001).

[4] *Perry v. Baptist Health*, 368 Ark. 114 (2006). See *BKD, LLP v. Yates*, 367 Ark. 391, 2006 WL 2839227, at *2 (Oct. 5, 2006) ("In essence, we must look at the case as a whole to determine whether there was a prevailing party and who is that party.").

[5] *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).

[6] *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (partial success does not require fee reduction if plaintiff nevertheless obtained an "excellent result").

As prevailing parties, Plaintiffs are entitled to reasonable attorneys' fees.[7] The following factors are relevant in determining the reasonableness of the fee:

> (1) the experience and ability of the attorney; (2) the time and labor required to perform the service properly; (3) the amount in controversy and the result obtained in the case; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged for similar services in the local area; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client in the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney.[8]

"While the courts should be guided by the foregoing factors, there is no fixed formula in determining the reasonableness of an award of attorney's fees."[9] Generally, "[t]he starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates."[10]

Defendants contend that Plaintiffs should not be paid for time not reasonably expended. They argue that Plaintiffs should not be compensated for time working on a petition for writ of mandamus, reviewing evidence concerning the Summit Mall, monitoring actions of the Midtown Redevelopment Advisory Board, reviewing the county's tax proceedings, and researching the Wingo Act as these matters did not relate to this litigation.

I disagree. All the above-stated matters were relevant to this action. Much of the time expended was caused by Defendants' actions, or was in response to Defendants' anticipated claims.

---

[7] *TCBY Sys., Inc. v. RSP Co., Inc.*, 33 F.3d 925, 930 (8th Cir. 1994); *See Childs v. Adams*, 322 Ark. 424, 435 (1995) (Award of attorney's fees under § 16-22-308 proper in action for specific performance).

[8] *Phelps v. U.S. Credit Life Ins. Co.*, 340 Ark. 439, 442 (2000).

[9] *Id.*

[10] *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002).

I find that the time claimed by Plaintiffs was reasonably expended and that they are entitled to be fully compensated.[11]  Thus, Plaintiffs are entitled to attorneys' fees in the amount of $612,692.00.

### B. Enhancement

Plaintiffs seek a fee enhancement of 15 to 20 percent.  They state that the enhancement is warranted because Plaintiffs obtained superior results and because their lodestar calculation does not include the time of Robert Shults.  The time of Robert Shults, an attorney with over 54 years of experience and the senior partner and founder of the firm representing Plaintiffs, was not included in the fee petition.  Plaintiffs contend, and Defendants do not dispute, that Robert Shults devoted over 400 hours to the case.

Generally, compensation is based on the lodestar amount, which reflects the number of hours reasonably expended multiplied by the reasonable hourly rate.  The lodestar amount "presumably reflects (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained, these factors normally cannot serve as independent bases for increasing the fee award above the lodestar amount."[12]

Upward adjustments of the lodestar figure are permissible in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts."[13]  While Robert Shults is, without a doubt, a five-star lawyer who undoubtedly provided invaluable service to Plaintiffs, his uncompensated time does not provide a basis for enhancement in this instance.  Furthermore, the lodestar amount  adequately reflects the excellent results obtained by Plaintiffs.  Thus, Plaintiffs are not entitled to an enhancement of the lodestar calculation.

---

[11] Defendants do not object to the hourly rates claimed by counsel, which I find to be reasonable.

[12] *In re Apex Oil Co.*,  960 F.2d 728, 731 -732 (8th Cir. 1992).

[13] *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

**C.    Out-of-Pocket Expenses**

Plaintiffs seek out-of-pocket expenses in the amount of $9,291.88, which they contend should be included in the attorneys' fee award. These expenses include $1,733.00 for private process servers, $508.40 for Federal Express, $290.28 for postage, $779.75 for copies of publications and transcripts of prior testimony, and $4,990.36 for travel, food, and lodging in connection with the depositions.[14]

I find that the out-of-pocket expenses are reasonable and are reimbursable to Plaintiffs' counsel.

**D.    Costs**

Plaintiffs submitted a Bill of Costs for $223,199.14.[15]  Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs will be allowed to the prevailing party, unless the court otherwise directs.  The costs to which Plaintiffs are entitled, as set forth in 28 U.S.C. § 1920, are:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

1.    <u>Fees of the Clerk and Marshal</u>:

Plaintiffs seek filing fees of $600.00 and fees for summonses in the amount of $90.00.  Defendants state that Plaintiffs are not entitled to the $450.00 filing fee to the Eighth Circuit Court of Appeals for the petition for writ of mandamus. Plaintiffs have not

---

[14]Docket No. 253, Exhibit 3.

[15]Docket No. 253, Exhibit 4.

responded to Defendants objection or provided any support for their position that they are entitled to the costs of filing petition.

I have not found any authority for Plaintiffs' request. Under Federal Rule of Appellate Procedure 39, the fee for filing a notice of appeal is taxable in the district court for a party entitled to costs. A party whose appeal is dismissed, however, is not entitled to costs. Here, the petition for writ of mandamus was denied. Thus, I find that Plaintiffs are not entitled to the $450.00 filing fee. Plaintiffs are entitled to $240.00 in costs under this item.

### 2. Transcript Fees:

Plaintiffs seek $4,765.95 for trial transcripts and $8,356.75 for deposition transcripts. Defendants contend that the $4,154.78 Plaintiffs claim for the August, 2006, trial transcript is not the true cost as it is greater than the amount Defendants paid. Plaintiffs have submitted the court reporter's invoice to verify that the amount claimed is correct. As Plaintiffs note, the cost of preparing an original transcript is more than the cost of obtaining the copy. All of the trial transcripts were necessary for use in the case and Plaintiffs are entitled to the trial transcript costs.

Defendants also contend that Plaintiffs can only recover the costs of the depositions actually used by Plaintiffs at trial. The Eighth Circuit has held that "even if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was 'necessarily obtained for use in [a] case' and was not 'purely investigative.'"[16]

Plaintiffs state that they took nine depositions of individuals identified by Defendants as potential witnesses in this action. Plaintiffs also seek costs for their copies of depositions taken by Defendants.

Plaintiffs state that only one of Defendants' witnesses was within the subpoena power of the state. Therefore, the depositions were necessary if the witnesses were

---

[16] *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (quoting *Slagenweit v. Slagenweit*, 63 F.3d 719, 720 (8th Cir. 1995) (per curiam)).

unavailable and Plaintiffs had to introduce the transcripts at trial. They needed copies of the depositions taken by Defendants to prepare for trial.

It is clear that the depositions were necessarily obtained for use in this case. Plaintiffs are entitled to costs in the amount of $13,122.70 for transcript costs.

### 3. Exhibit Preparation/Exemplification:

Plaintiffs seek costs in the amount of $170,234.99 for exhibit preparation and exemplification. The majority of the costs claimed, i.e., $168,778.82, are for "the inspection, analysis, and testing of the Mall and to prepare exhibits reflecting that analysis."[17]

Plaintiffs' position is as weak as a $2.00 suitcase. They rely on an unpublished Western District of New York case for their contention that they are entitled to costs for the research and analysis that is necessary for creating an exhibit.[18] The court in *River Oaks Marine* relied on the sworn affidavit of the person involved in the production of the exhibits who attested that the time and expenses were necessarily expended in the preparation of the exhibits. The expert witness later testified at trial only to explain and introduce the exhibits into evidence.[19]

Plaintiffs' request to recover the costs of their experts preparing the exhibits fails. Plaintiffs have not submitted any documentation to support a claim for over $168,000.00 in time and expenses. More importantly, Plaintiffs' position taken by Plaintiffs has been

---

[17] Plaintiffs' brief in support of motion for attorneys' fees and Plaintiffs' Bill of Costs, Docket No. 254, p. 22.

[18] *River Oaks Marine, Inc. v. Town of Grand Island*, 1993 WL 27486 (W.D.N.Y. Jan. 13, 1993).

[19] *Id.* at *2.

rejected by the majority of circuits.[20] Recovery of costs for exemplification under section 1920(4) is limited to the actual costs of physically producing the documents.

The claim for $168,778.82 is denied; Plaintiffs are entitled to costs of $1456.17 under 28 U.S.C. §1920(4).

        4.    <u>Compensation of court appointed expert</u>*:*

Plaintiffs are entitled to the $16,483.54 they paid to the Court's expert.[21]

## III. CONCLUSION

In sum, I find that Plaintiffs are entitled to and are hereby awarded attorneys' fees and out of pocket expenses in the amount of $621,983.88, and costs in the amount of $53,970.32. The motion for attorneys' fees is GRANTED; the bill of costs is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 3d day of August, 2007.

                                                  /s/ Wm. R. Wilson, Jr.          
                                                  UNITED STATES DISTRICT JUDGE

---

[20] 10 James Wm. Moore et al., *Moore's Federal Practice*, ¶ 54.103(d)(citing cases)("If the demonstrative evidence at issue requires the input of experts or lawyers, the expenses of those professionals in producing the evidence should not be included in any award of costs under § 1920(4). The court may award only the cost of physical production and copying of the evidence."); *Summit Tech., Inc. v. Nidek Co., Ltd.*. 435 F.3d 1371, 1378 n.5 (Fed. Cir. 2006) (rejecting claim for consulting fees in preparation of exhibits.). "Were the term exemplification read any broader, it could well swallow up other statutory provisions of the Code and rules, such as the prohibition against the award of attorney's fees or expert witness fees in the normal case." *Romero v. City of Pomona,* 883 F.2d 1418, 1428 (9th Cir. 1989), *overruled in non-pertinent part by Townsend v. Holman Consulting Corp.*, 914 F.2d 1136 (9th Cir. 1990).

[21] 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure*, § 2678 (3d ed. 1998).